IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL GODWIN,     *

    Plaintiff     *

v.     *     CIVIL NO. JKB-17-3575

JENNIFER PIEPSZAK *et al.*,     *

    Defendants     *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

### *I. Background*

Representing himself, Plaintiff Paul Godwin filed a form complaint in the District Court of Maryland for Anne Arundel County. (Compl., ECF No. 2.) He named as defendants Jennifer Piepszak and Chase Card.[1] The entire substance of his allegations is as follows:

> Failure of Chase Card to provide copies of documents bearing my signature, showing that I have a legally binding contractual obligation to pay them the alleged amount of $2,335. Which is the total amount Chase Card is reporting to the credit bureaus. I am suing for defamation, negligent enablement of identity fraud, violation of the Fair Debt Collection Practices Act (including but not limited to Section 807-8), and violation of the Fair Credit Reporting Act (including but not limited to Section 623-b).

(*Id.*) As relief, Godwin requested $4,835 plus court costs. (*Id.*)

---

[1] Because the format in which Godwin named the defendants indicated the suit had only one defendant, it is possible that he named Jennifer Piepszak as the sole defendant and meant to indicate her address as

    Chase Card
    P.O. Box 15298
    Wilmington, DE 19850-5298.

However, Chase Bank USA, N.A. ("Chase"), has not unreasonably interpreted the ambiguity as indicating Chase was also sued, albeit under an incorrect corporate name. This Court, likewise, interprets the complaint as naming both Piepszak and Chase as defendants. The Court will direct the Clerk to amend the docket to reflect Chase's correct name.

Chase Bank USA, N.A. ("Chase"), removed the case to this Court and filed a motion for more definite statement. (ECF Nos. 1, 9.) Godwin has filed no response to the motion, which is ripe for decision. No hearing is necessary. Local Rule 105.6 (D. Md. 2016). The motion will be granted.

## II. Standard for More Definite Statement

Under Rule 12(e),

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must . . . point out the defects complained of and the details desired.

Noting the interplay between the fundamental pleading requirements of Rule 8(a) and the permissibility of a motion for more definite statement under Rule 12(e), the Fourth Circuit has stated, "when the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement." *Hodgson v. Va. Baptist Hosp.*, 482 F.2d 821, 824 (4th Cir. 1973). Because the foregoing standard requires conformance to Rule 8(a), the Court relies upon the familiar *Iqbal-Twombly* standard to determine whether Godwin's complaint states a claim for relief.

## III. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere

possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## IV. Analysis

In its present form, Godwin's complaint fails to state a claim for relief and is, at best, vague and ambiguous. The only two factual allegations in Godwin's complaint indicate that Chase has not provided him with copies of unspecified documents and that Chase is reporting something about him to credit bureaus. Otherwise, Godwin's complaint consists of bare conclusions. Godwin must file an amended complaint that provides sufficient factual content to establish each element of each cause of action he is asserting. Thus, Godwin's pleading must include the addition of enough facts such that the Court may plausibly infer that Defendants have engaged in wrongful conduct. Further, Godwin must allege facts that are specific to each named Defendant, and he must state when and where the events giving rise to Defendants' alleged liability occurred. Chase's motion, therefore, is meritorious.

## V. Conclusion

In accordance with this memorandum opinion, IT IS HEREBY ORDERED that Chase's motion for more definite statement (ECF No. 9) IS GRANTED. Godwin SHALL FILE an amended complaint, consistent with the standards set forth above, within thirty days of the date

of this order. The Clerk SHALL AMEND the docket to reflect that the correct name of the corporate entity sued is Chase Bank USA, N.A, and the Clerk SHALL MAIL a copy of this memorandum and order to Godwin at the address on file with the Court.

DATED this 20th day of February, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge